NO. 07-05-0138-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 6, 2005



______________________________




FIRST STATE BANK, N.A., APPELLANT



V.



C. D. MORSE D/B/A 38TH & Q AUTO, APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-519,190; HONORABLE J. BLAIR CHERRY, JUDGE



_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.



ON MOTION TO AMEND NOTICE OF APPEAL




 Pending before this Court is a joint motion to amend the notice of appeal filed by
appellant First State Bank, N.A. (FSB) to include State National Bank of Lubbock (SNB). 
The motion is opposed by appellee C.D. Morse d/b/a 38th and Q Auto. For the reasons
expressed herein, the motion is overruled.

 In the underlying cause, Morse, as third party plaintiff, filed suit against FSB and 
SNB for, among other claims, breach of a subordination agreement. The parties stipulated
during trial that following a merger, SNB is the successor to FSB. The banks were
represented by separate counsel throughout trial. Following the jury's verdict and
numerous post-trial motions, the trial court signed a judgment on January 14, 2005. (1) FSB
and SNB filed separate motions for new trial. Two days after SNB filed its motion, it filed
a motion withdrawing its motion for new trial. 

 On April 7, 2005, FSB filed a notice of appeal without referencing SNB. It also filed
its requests to the clerk and reporter designating matters for inclusion in the appellate
record. FSB filed its brief on August 30, 2005.

 A notice of appeal may be amended to correct a defect or omission in an earlier filed
notice. See Tex. R. App. P. 25.1(f). By their joint motion to amend filed September 23,
2005, FSB and SNB urge a liberal interpretation of Rules 2 and 25 to permit SNB to be
added to FSB's notice of appeal. The banks further urge that amending the notice of
appeal is appropriate because their rights are interwoven. They do not, however, suggest
that an amendment would correct a defect or omission in an earlier filed notice. 

 By its response to the motion to amend, Morse contends the procedural history of
the case indicates an intent by SNB not to pursue an appeal and, in fact, no bona fide
attempt to appeal was made. According to Morse, SNB did not express an intent to
become an appellant until after post-trial mediation failed to effect a settlement, FSB filed
its brief, and Morse expressed interest in executing on SNB's assets. 

 Rule 25.1(c) provides that a party who seeks to alter a trial court's judgment must
file a notice of appeal. The notice must state the name of each party desiring to appeal. 
See Tex. R. App. 25.1(d)(5). Rule 25.1(f) provides for amending a notice to correct a
defect or omission in an earlier filed notice. Presumptively, the Rule does not contemplate
amending a notice to add an additional appellant after the time for perfecting an appeal
has expired. See McDonald & Carlson, Perfecting and Docketing the Appeal, 6 Texas Civil
Practice § 13:12 (1998 ed.). We hold that Rule 25.1(f) does not permit amending FSB's
notice of appeal to add SNB as an appellant after the time for perfecting the appeal lapsed. 
The prohibition against construing Rule 2 to alter the time in which to perfect an appeal in
a civil case likewise requires us to overrule the motion. 

 Accordingly, the motion to amend FSB's notice of appeal is overruled. 

 

 Per Curiam
1. The judgment recites in part:


 Based upon such stipulation, the Court finds, determines and orders that
each and all claims and causes of action of Defendant and Third Party
Plaintiff C.D. Morse against First State Bank, N.A., as well as all liabilities
and obligations of Third Party Defendant First State Bank, N.A. which are the
subject of this suit, are now the liability and responsibility of Third Party
Defendant State National Bank of Lubbock. All liabilities of First State Bank,
N.A. which are adjudicated in this cause against First State Bank, N.A. are
hereby adjudged against State National Bank of Lubbock.